FRIEDMAN et, Relators, v. DONAHUE et, Respondents.

Ohio Appeals, Tenth District, Franklin County.

No. 6596.   Decided October 26, 1960.

Mr. *Stanley Schwartz, Jr.,* Mr. *Charles R. Andrews* and Mr. *Thomas W. Applegate,* for relators.

Mr. *Earl W. Allison,* prosecuting attorney, and Mr. *Chester Hummell,* assistant prosecuting attorney, for Members of Board of Elections, Franklin County, Ohio.

Mr. *Benjamin F. Levinson* and Mr. *Warren E. Imsley,* for William E. Weese, Building Inspector, City of Worthington, Ohio.

Mr. *Robert D. Holmes,* Amicus Curiae.

For further history see *Omnibus Index* in bound volume.

BRYANT, P. J. This is an original action in mandamus. Jacob Friedman and Harry Epstein, both of New York City, as trustees, are the relators. William E. Donahue, Frank Marsh, William Schneider and William B. Haines, as members of the Franklin County Board of Elections, and William E. Weese, as building inspector for the City of Worthington, Ohio are the respondents.

Relators hold title to a tract of approximately 280 acres in Worthington which formerly was zoned for agriculture and

residential use, but upon application of relators, the Worthington City Council on July 27, 1959 passed an ordinance changing the zoning to commercial, apartment house and residential use.

It appears that opposition to the change developed in the community and shortly after the passage of the ordinance, petitions were circulated calling for a referendum and that a referendum petition alleged to contain 807 signatures was filed with the Worthington city officials on August 17, 1959. On September 19, 1959 Worthington officials certified the matter to the Franklin County Board of Elections to be placed on the ballot on November 8, 1960.

The petition in this case was filed October 4, 1960 and the matter came on for argument, with all parties represented, on October 21, 1960. It appears that on September 27, 1960, Respondent Weese, in his capacity as building inspector, refused to issue a permit applied for by relators to permit the erection of a commercial structure upon the tract of ground owned by relators. Relators allege that they tendered the proper fee and that their proposed plans and specifications were approved by Weese and that the sole ground for refusing to issue the permit was that the ordinance rezoning the tract for commercial and apartment house use had not gone into effect due to the filing of the referendum petition.

Relators ask for a writ of mandamus compelling Weese to issue the building permit contending that there are a number of important defects in the referendum petitions and the manner in which it was filed. Relators also asked for the issuance of a temporary injunction restraining Respondents Donahue, Marsh, Schneider and Haines, as members of the Franklin County Board of Elections, from holding a referendum election in Worthington on the zoning ordinance on November 8, 1960.

The matter of the issuance of a temporary restraining order came on for hearing before the writer sitting alone, and was argued with counsel for all parties present and participating. Counsel for Weese has filed an answer and counsel for the Board of Elections has filed a demurrer. No attempt will be made to decide either the demurrer or the merits of the case based upon the answer as this is beyond the power vested in a

single judge. The sole question for determination is whether or not a temporary injunction should issue halting the referendum election on the zoning ordinance at the time of the general election on November 8, 1960.

Relators in the caption of the petition say they reside in New York City and in the verification are described as non-residents of Franklin County, Ohio by their counsel. They were under a duty to deposit cash or financial security for costs and this has not been done. Section 2323.30, Revised Code, reads in part as follows:

"*In all actions in which the plaintiff is a non-resident of the county in which the action is brought, * * * the plaintiff shall deposit cash or furnish security for costs.*" (Emphasis ours.)

See also Rule IX of the Rules of the Courts of Appeals of Ohio and Section 2323.33, Revised Code, permitting dismissal of the action up to the time of commencement of the trial for failure to comply with Section 2323.30, Revised Code, supra. Respondents have not pressed the issue and no further comment need be made on this question.

It appears from the statements of counsel that sometime after the passage of the rezoning ordinance above referred to, an action for declaratory judgment was filed in the United States District Court for the Southern District of Ohio, Eastern Division, sitting in Coumbus, Ohio. The court was told that some sort of informal status quo agreement was observed for many months, and when counsel for one of the respondents gave notice of termination of this agreement, the matter was dismissed by the Federal District Court because of the local nature of the issues involved. We were informed that there was no determination of any of the questions having to do with the validity of the referendum petition or the place or manner in which it was filed.

Counsel for both respondents urge that this action in reality is an action seeking an equitable determination of the validity of the steps taken to obtain a referendum on the rezoning ordinance and that as this court has no original jurisdiction in equitable actions, the petition must be dismissed for that reason alone.

In the answer filed by Building Inspector Weese, reference is made to the provisions of Sections 6.05 and 6.06 of the charter of the City of Worthington. Section 6.05, supra, creates a Board of Zoning Appeals composed of five members and requires three affirmative votes to overrule "an action under or interpretation of the zoning ordinance by any administrative officer of the municipality." Section 6.06, supra, gives to the Board of Zoning Appeals "power to hear and determine appeals from refusal of building permits and to permit exceptions to and variations from the zoning regulations * * *."

Unless the action in mandamus is well founded the entire proceeding in this court must fail for the reason that this court has original jurisdiction only in the cases of quo warranto, mandamus, habeas corpus, prohibition and procedendo. To entitle relators to writ of mandamus they must show that they have a clear legal right to the relief sought and that the official in question is under a clear legal duty to perform the act. In addition, they must in fact be without an adequate remedy in the ordinary course of the law and they must have exhausted their administrative remedies.

Relators do not claim that they appealed the refusal to issue the building permit to the Board of Zoning Appeals, their contention being that it would be futile. With that we cannot agree, and it thus appears that they have not exhausted their administrative remedies and that they have or did have an adequate remedy in the ordinary course of the law.

We believe also that the relators have been guilty of laches in allowing more than a year to elapse before bringing the matter to this court and also that the real relief sought is an equitable determination of the validity of the steps taken toward obtaining the referendum vote upon the rezoning ordinance.

What has been said here relates solely to the question of granting or refusing the motion for a temporary injunction and for the reasons above set forth and particularly the shortness of time before the general election this year, we are of the opinion that the motion is not well taken and must be overruled and it is so ordered.